

FILED — RECEIVED
ENTERED — SERVED ON
COUNSEL/PARTIES OF RECORD

NOV 20 2007

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY
_____ DEPUTY

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY F. COPPOLA, as Trustee of the )<br>Anthony F. Coppola Living Trust (A)  )<br> )<br>Plaintiff,  )<br> )<br>v.  )<br> )<br>JED BARON, individually and doing  )<br>business as NEVADA TITLE LOANS;  )<br>NEVADA TITLE LOANS; E&G  )<br>INVESTMENTS, INC.  )<br> )<br>Defendants.  )<br>_____ ) | 2:07-CV-00664-BES-RJJ<br><br><br>**ORDER** |

Presently before this Court is a Motion to Dismiss (#11) filed on June 25, 2007 by Defendants Jed Baron, Nevada Title Loans and E&G Investments, Inc. ("Defendants"). Plaintiff Anthony F. Coppola, as Trustee of the Anthony F. Coppola Living Trust ("Coppola") filed an Opposition to the Motion to Dismiss (#16) on July 12, 2007. No Reply was filed.

## I. Background

This dispute arises out of three promissory notes executed by Nevada Title Loans in favor of the Coppola Trust. According to the Complaint (#1) filed on May 23, 2007, between August 2005 and April of 2006, Nevada Title Loans executed three separate promissory notes in favor of the Coppola Trust. The total amount owed to the Coppola Trust based upon the three notes was the sum of $200,000 plus interest. Coppola alleges that Defendant E&G

1

1  Investments and Defendant Jed Baron ("Baron") are both guarantors of the notes.   Baron

2  signed a separate Guaranty Agreement which was attached to the Complaint.  The maturity

3  date of each note has passed.  Coppola made a written demand for payment to each of the

4  Defendants, but the Defendants have failed to pay the money due under any of the notes.

5  Coppola filed the Complaint in the federal district court of Nevada in Clark County.

6  In the Complaint, Coppola seeks money damages for breach of contract for each of the three

7  notes. Each of the notes contains a forum selection clause which states, "Venue of any action

8  brought hereon shall be Clark County, Nevada."

9  Defendants seek dismissal of the Complaint for lack of venue based upon the forum

10  selection clause. Defendants also seek dismissal of all claims against Baron on the basis that

11  Coppola has failed to state a claim upon which relief can be granted, primarily because the

12  Complaint does not allege that Baron received consideration for guaranteeing the debt.

## II. Analysis

### A. Motion to Dismiss Based Upon Venue

15  Defendant has requested that Plaintiffs' Complaint be dismissed "pursuant to 28

16  U.S.C. § 1391(a) for improper venue.  Such a motion is recognized by Rule 12(b)(3) as a

17  motion to dismiss for improper venue.  On a 12(b)(3) motion, the pleadings need not be

18  accepted as true.  Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1137 (9th Cir. 2004).  In

19  the context of a Rule 12(b)(3) motion based upon a forum selection clause, the trial court

20  must draw all reasonable inferences in favor of the non-moving party and resolve all factual

21  conflicts in favor of the non-moving party.  Murphy v. Schneider National, Inc., 362 F.3d

22  1133, 1138 (9th Cir.2004).

23  The Ninth Circuit has held that forum selection clauses should be enforced as

24  written. See, Mannetti-Farrow, Inc. v. Gucci America, Inc., 858 F.2d 509, 514 (9th

25  Cir.1988). Forum selection clauses are prima facie valid and are enforceable absent a

26  strong showing by the party opposing the clause that enforcement would be unreasonable

27  or unjust, or that the clause is invalid for such reasons as fraud or overreaching. Id.

28  (citation omitted).

1 | Here, Defendants are not arguing that the forum selection clause is invalid.  Instead,
2 | Defendants are taking a position that the forum selection clause mandates that an action
3 | be filed in the state courts for Clark County.  A forum selection clause will be enforced only
4 | where venue is specified with mandatory language. Docksider, Ltd. v. Sea Technology,
5 | Ltd., 875 F.2d 762, 764 (9th Cir.1989). If the language of the forum selection clause is non-
6 | mandatory, the forum selection clause will not preclude suit elsewhere. Hunt Wesson
7 | Foods, Inc. v. Supreme Oil Co., 817 F.2d 75, 77 (9th Cir.1987).   Hence, the issue before
8 | the Court is whether the forum selection clause is mandatory or permissive.

9 | To be a mandatory forum selection clause, the clause must contain  anguage that
10 | clearly designates a forum as the exclusive one. Northern California Dist. Council of
11 | Laborers v. Pittsburg-Des Moines Steel Co., 69 F.3d 1034, 1037 (9th Cir.1995).  The
12 | prevailing rule is clear that where venue is specified with mandatory language the clause
13 | will be enforced.  Docksider, Ltd., 875 F.2d at 763-764. "When only jurisdiction is specified,
14 | the clause will generally not be enforced without some further language indicating the
15 | parties' ntent to make jurisdiction exclusive." Docksider, 875 F.2d at 764.   A forum
16 | selection clause needs to contain mandatory language requiring a case be litigated in only
17 | one forum. Council of Laborers, 69 F.3d at 1037.

18 | A forum selection clause providing a particular court or state has jurisdiction, but
19 | says nothing about it being exclusive jurisdiction, is permissive rather than mandatory. Hunt
20 | Wesson Foods Inc. v. Supreme Oil Co., 817 F.2d 75, 77 (9th Cir.1987). The effect of the
21 | language is merely that the parties consent to the jurisdiction of that particular court or
22 | state. Kachal, Inc. v. Menzie, 738 F.Supp. 371, 373 (D.Nev. 1990).   Such consent does
23 | not preclude the action from being litigated in another court.   Id; Northern California Dist.
24 | Council of Laborers, 69 F.3d at 1036.

25 | The forum selection clause in the parties' promissory notes provides that  "Venue of
26 | any action brought hereon shall be Clark County, Nevada."  This clause specifies that
27 | venue will be in Clark County, however, it does not specify whether the forum is the state
28 | court or the federal district court, both of which are located in Clark County.   The language

1  in the forum selection clause states nothing about the Clark County state courts having
2  exclusive jurisdiction.  The effect of the language is merely that the parties consent to the
3  jurisdiction of the Clark County courts.

4          The language in the forum selection clause here is similar to that found in <u>Hunt</u>
5  <u>Wesson Foods</u>.  In <u>Hunt Wesson Foods</u>, 817 F.2d 75, the clause at issue contained the
6  following language: "The courts of California, County of Orange, shall have jurisdiction over
7  the parties in any action at law relating to the subject matter of the interpretation of this
8  contract."   <u>Id</u>. at 76. The Ninth Circuit held that the clause was permissive because "in
9  cases in which forum  selection clauses have been held to require litigation in a particular
10  court, the language of the clauses clearly required exclusive jurisdiction." <u>Id</u>. at 77.   Hence,
11  the forum selection clause in this case is permissive rather than mandatory and the action
12  is not precluded from being litigated in the federal district court.

13          Defendants rely on <u>Docksider Ltd v. Sea Technology Ltd.</u>, 875 F.2d 762 (9th Cir.
14  1989), which had a similar clause as the present one and which held that the matter must
15  be pursued in state court.   In <u>Docksider Ltd.</u>, the forum selection clause stated,  "Venue of
16  any action brought hereunder shall be deemed to be in Gloucester County, Virginia" and
17  the court held that the action must be held in the county courts for Gloucester County.
18  <u>Docksider Ltd.</u>, 875 F.2d at 763-764.  However, of importance in that case is the fact that
19  there were no federal courts in Gloucester County. Hence, the court in <u>Docksider Ltd.</u>
20  never addressed the issue of whether the state or federal court was the more appropriate
21  venue and instead analyzed the issue in terms of the suit being brought in Virginia as
22  opposed to courts in other states. As such, the <u>Docksider Ltd.</u> case is distinguishable from
23  the facts of this case.

24          The Court has determined that the forum selection clause in this case is permissive.
25  A permissive forum selection clause does not divest this Court of jurisdiction.  This Court's
26  subject matter jurisdiction is properly based on diversity of citizenship. Venue is proper in
27  the district of Nevada under 28 U.S.C. § 1391(a).

28

4

1   **B.      Motion to Dismiss Baron**

2           Defendant's Motion also challenges jurisdiction over Baron, asserting that the Complaint

3   should be dismissed because it fails to state a claim upon which relief can be granted against

4   Baron because he did not sign the promissory notes in his personal capacity and the

5   Complaint fails to state that Baron received any consideration for signing the Guaranty

6   Agreement.

7           When considering a motion to dismiss under Rule 12(b)(6), the challenged complaint

8   is construed liberally in favor of the plaintiff, and all factual allegations set forth in the complaint

9   are accepted as true.  McGary v. City of Portland, 386 F.3d 1259, 126′ (9th Cir.2004).

10  However, a complaint, or portion thereof, will be dismissed for failure to state a claim upon

11  which relief may be granted if Plaintiff cannot establish "any set of facts consistent with the

12  allegations in the complaint."  Bell Atlantic Corp. v. Twombly, --- U.S. ----, 127 S.Ct. 1955,

13  1968-69 (2007).  Plaintiff's obligation to provide the "grounds" of her entitlement to relief

14  requires more than labels and conclusions or a formulaic recitation of the elements of the

15  cause of action. Id. at 1964-65.  To state a valid claim, a complaint must contain either direct

16  or inferential allegations respecting all the material elements to sustain recovery under some

17  viable legal theory. Id. at 1969. "Factual allegations must be enough to raise a right to relief

18  above the speculative level." Id, at 1965 citing 5 C. Wright & A. Miller, Federal Practice and

19  Procedure § 1216, pp. 235-236 (3d ed.2004).  In other words, "a complaint must be dismissed

20  if it does not plead 'enough facts to state a claim to relief that is plausible on its face.'" Id. at

21  1974; Garvais v. U.S., 2007 WL 1724956, *4 (E.D.Wash.,2007).

22          Defendants argue that the Guaranty Agreement violates the statute of frauds because

23  the Guaranty Agreement fails to express that any consideration was given in return for the

24  guaranty by Baron.  However, the facts as alleged and presented in the Complaint and the

25  accompanying documents do not support Defendants' position.  The Guaranty Agreement

26  / / /

27  / / /

28  / / /

1  specifically states that the guaranty was being given for good consideration.[1]  Furthermore,

2  the Guaranty Agreement was signed by Baron and indicates that the Guaranty Agreement was

3  executed by Baron in favor of Coppola.  Hence, construing the Complaint liberally in favor of

4  Coppola and accepting all factual allegations set forth in the Complaint as true, Coppola has

5  stated a claim for relief against Baron under the Guaranty Agreement.   As such, Baron is not

6  dismissed from this matter.

7  ## II. Conclusion

8  Based on the foregoing, IT IS ORDERED that Defendants' Motion to Dismiss (#11) is

9  DENIED.

10  DATED: This _20_ th day of November, 2007.

13  United States District Judge

27  [1]Defendants argue that the consideration was lined out of the guaranty agreement, making the guaranty agreement invalid for failure of consideration.  However, the Court finds that this crossed-out language only went to supplemental information regarding the guarantors' reasons for entering into the Guaranty Agreement.